United States District Court
Southern District of Texas
**ENTERED**
February 23, 2016
David J. Bradley, Clerk

INT EH UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAGDALENA ANAYA, | § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. H-14-2065 |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, et al., | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND RECOMMENDATION GRANTING DEFENDANTS' SECOND PARTIAL MOTION TO DISMISS

Pursuant to 28 U.S.C. § 636(b)(1)(B), all pending motions were referred by the District Judge to the undersigned Magistrate Judge. Pending is Defendants' Second Partial Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Document No. 17). Having considered that motion, the absence of a response, the claims alleged by Plaintiff in her Amended Complaint (Document No. 16), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Second Partial Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Document No. 17) be GRANTED and that Plaintiff's claims, other than her retaliation and disparate treatment claims against Defendant Houston Independent School District, be DISMISSED WITH PREJUDICE for failure to state a claim.

### I.    Background

Plaintiff Magdalena Anaya ("Anaya"), a Hispanic female of Mexican origin, and a long time employee of Defendant Houston Independent School District ("HISD"), filed this suit *pro se*

following the termination of her employment on June 14, 2012. Alleged in her Original Complaint against HISD and two individuals who were her supervisors prior to her termination (Pat Collins and Scott Gilhousen), were Title VII discrimination claims based on disparate impact, disparate treatment, harassment, and retaliation, a due process claim, and state law claims for intentional infliction of emotional distress, breach of contract, and promissory estoppel. In a Partial Motion to Dismiss, Defendants sought the dismissal of all but the retaliation claim. The Court, in an Order filed on January 22, 2015, noted that some of "Plaintiff's claims do not meet the pleading requirements set forth in Rule 8," but denied the motion to dismiss without prejudice, and allowed Plaintiff to file an Amended Complaint (Document No. 15). In an Amended Complaint, Anaya generally alleges the same claims as were contained in her Original Complaint. Defendants, again move for dismissal of all but the retaliation claim.

As is relevant to a determination of whether Anaya has stated a claim for which relief may be granted, Anaya has alleged the following facts in support of her claims:

> 19. In or around October 2007, Ms. Collins started to assign additional duties to Ms. Anaya due to budget cutbacks in funding. The bulk of these assignments were not part of the Plaintiff's normal job duties, but rather, were additional assignments performed by former employees riffed due to legislative budget cuts to education.
>
> 20. Ms. Collins was Ms. Anaya's immediate supervisor. Ms. Anaya and Ms. Pat Collins met several times to discuss an increase in pay and the continuing overload of these assignments to a limited number of women, who happened to be Hispanic or Black. Ms. Collins took exception to these comments and advised Ms. Anaya that she was a salaried, exempt employee, and as such, was expected to work the number of hours necessary to complete her tasks. She made it clear that Ms. Anaya would not be paid for any overtime pay after 40 hours.
>
> 21. After these meetings, Ms. Collins continued to make additional assignments to the Plaintiff. Ms. Anaya felt both harassed and intimidated by these assignments. The same conduct was occurring to the other Hispanic and Black employees in the department. Ms. Collins initiated repeated demands for completion of all of

Plaintiff's assignments. Ms. Collins continued to harass the Plaintiff by giving her additional assignments, demanding their completion, and threatening her if they were not completed. Thereafter, Ms. Collins started working on some of the assignments given to the Plaintiff to make it appear that Ms. Anaya was not doing her work. Plaintiff observed this fact on several occasions when she delivered assignments to her supervisor's office, and while there, noticed duplicate work on Ms. Collins' computer screen. Based on information and belief, this pattern of intimidation and harassment was pervasive and was done to serve as evidence that the supervisor had to do Plaintiff's work.

22. Ms. Collins and one of the other managers of the Technology Department, Mr. Scott Gilhousen, initiated joint and continuous harassment activities to terminate Ms. Anaya for speaking out against additional work assigned to three minority workers. The aforementioned Managers worked to double team the Plaintiff, which placed excessive pressure on her that eventually led to depression and emotional distress. The Plaintiff was experiencing a true picture of a hostile work environment.

23. Managers Collins and Gilhousen continued to harass Ms. Anaya constantly, leading to Ms. Anaya's filing a federal EEOC complaint against the district and Ms. Collins on or about January 1, 2012. She also requested leave pursuant to the Family Medical Leave Act due to her condition. Upon Ms. Anaya's return from FMLA, the abuse not only continued but it became worse. Ms. Collins reduced about 90% of Ms. Anaya's duties, and she was advised that she would have to submit a daily work log of her assignments from that day forward. Plaintiff was the only employee in Ms. Collins['] group forced to submit a daily work log. While working on the remaining duties, which required her to submit purchase orders for materials, Plaintiff discovered that even these remaining tasks were being done simultaneously by Managers Collins and Gilhousen. The computer system would not allow her to submit work that had already been done and submitted by Respondents. It became clearer that Managers Collins and Gilhousen were performing the remaining tasks to bolster Ms. Collins' claim that Petitioner was not doing her work, even when it had been reduced dramatically. It was clear that her immediate supervisor was documenting the justification for her termination.

24. On January 26, 2012, Ms. Anaya suffered another nervous breakdown after she was reprimanded by Ms. Collins and a Security Officer from the Technology Department. Ms. Anaya forwarded an email to Ms. Collins advising her that her son's school had cancelled after school activities due to the extreme weather. Ms. Anaya left to pick him up and advised others in the department of the situation, since she was unable to personally advise her supervisor. Ms. Collins claimed that she did not approve Plaintiff's absence on that day. Ms. Collins never responded to Plaintiff's email; yet, other employees from the Collins group left the building for the same reasons without even notifying their supervisors, and they were not

reprimanded.

25. The Plaintiff continued to suffer from Defendants' harassment and retaliation for questioning the assignments and filing the EEOC complaint. During this period, the Plaintiff was on Intermittent Family Medical Leave pursuant to the Family Medical Leave Act (FMLA) due to the stress created by the harassment and hostile work environment.

26. Upon her return from FMLA, Ms. Anaya was terminated on broad allegations, leave/out to[o] much, and poor performance on her evaluation. Plaintiff's evaluation in question had been allegedly conducted by her supervisor on March 29, 2010, and was then forwarded to her via email because she was out on leave. In short, she was not present to respond to ratings during the conduct of instrument [sic] by her supervisor. While it was not done in accordance with HISD approved policies and procedures, the Plaintiff did not dispute this evaluation because it contained favorable ratings. After a short absence on FMLA (referenced in paragraph 25), she was given a different evaluation from her supervisor that was dated July 15, 2010. Ms. Collins contends that she handed me this evaluation on July 15, 2010, but it would have been impossible because I was on vacation from July 12, 2010 to July 30, 2010. This second evaluation allegedly conducted by Ms. Collins on July 15, 2010, was printed on January 27, 2012, had no signatures, was never sent to me for review, and was never placed in my Human Resources personnel file. It appears that this second evaluation was a "rush to judgment" document to terminate me. It cannot hold up as a valid evaluation under the circumstances.

27. This second evaluation, allegedly conducted on July 15, 2010, is invalid, because it did not follow the District's approved Appraisal Process, it was never shown to me, it was not discussed, nor was I given an opportunity to comment on or contest its negative ratings. Moreover, it was not printed until January 27, 2012. When Ms. Adams, a new [school] Board member, asked if the District could determine when it was created, the District representatives stated that it could not be determined. This response is incorrect because it can be determined on the computer of the person creating it or the District's servers. Using an invalid, 2010 evaluation as the basis for termination two (2) years later, without 2011 and 2012 evaluations in my personnel file, raises even more red flags on what the District based its termination decision on.

28. Notwithstanding Board approved policies and procedures, the District's Board of Trustees terminated the Petitioner after a Level III hearing on June 14, 2012.

Amended Complaint (Document No. 16) at 5-7.

## II.  Standard of Review

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

## III.  Discussion

In an abbreviated Second Partial Motion to Dismiss, which relies in part on the arguments and authorities in Defendants' initial Partial Motion to Dismiss, Defendants maintain that Anaya has not and cannot state a claim against Defendants Collins and Gilhousen because: (1) Collins and Gilhousen were not Anaya's employers for purposes of Anaya's claims under Title VII; (2) there are no allegations of any due process violation by Defendants Collins and Gilhousen; and (3) the Texas Tort Claims Act, and its election of remedies provision, forecloses any recovery against Defendants Collins and Gilhousen on Plaintiff's state law claims.  As for Anaya's claims against Defendant HISD, Defendants maintain that: (1) Anaya has not alleged a viable disparate impact claim under Title VII and has additionally not exhausted her administrative remedies with respect to such a claim; (2) Anaya's due process claim is barred by the applicable statute of limitations; and (3) governmental immunity bars Plaintiff's state law claims for intentional infliction of emotional distress, breach of contract and promissory estoppel.  While acknowledging that Anaya has, in her Amended Complaint, alleged a "new" disparate treatment claim under Title VII, Defendants have not moved for dismissal of that claim as against Defendant HISD.[1]

---

[1] In addition, to the extent Anaya's allegations of "harassment" in her Amended Complaint were intended to assert a hostile work environment claim, such a claim would also be subject to dismissal pursuant to Rule 12(b)(6) because Anaya has not alleged any harassment *based on* her membership in a protected class.  *See, e.g., Harris-Childs v. Medco Health Solutions, Inc.*, No. 4:03-CV-77-Y, 2005 WL 562720, at *6 (N.D. Tex. Mar. 10, 2005) ("To establish a *prima-facie* case of racial harassment, the plaintiff must provide evidence that the complained-of conduct had a racial character or purpose."), *aff'd*, 2006 WL 616022 (5th Cir. 2006) ("[W]e agree with the district court that Appellant has failed to show that the harassment was racially based"); *Vallecillo v. U.S. Dep't of Housing & Urban Dev.*, 155 F.App'x 764, 767 (5th Cir. 2005) ("Accepting all of the incidents Vallecillo lists as true, none are related to his protected status."); *Smith v. Ridge*, Civil Action No. H-03-5864, 2005 WL 6443884 *4-5 (S.D. Tex. Feb. 8, 2005) (granting summary judgment on hostile work environment age discrimination claim where there was no summary judgment that any harassment "was based on [ ] age").

### A. Claims against Individual Defendants (Collins and Gilhousen)

Anaya alleges in her Amended Complaint that Defendants Collins and Gilhousen were her supervisors. Only employers – not supervisors – have liability under Title VII. 42 U.S.C. § 2000e-2; *Grant v. Lone Star Co.*, 21 F.3d 649, 651 (5th Cir.)"[I]ndividuals who do not otherwise qualify as an employer cannot be held liable for a breach of Title VII."), *cert. denied*, 513 U.S. 1015 (1994); *see also, e.g., Davidson v. Service Corp. Int'l*, 943 F.Supp. 734, 736-737 (S.D. Tex. 1996) (dismissing individual supervisors from Title VII employment discrimination case when employer was also sued), *aff'd*, 132 F.3d 1454 (5th Cir. 1997); *Ajaz v. Continental Airlines*, 156 F.R.D. 145, 147-148 (S.D. Tex. 1994) (dismissing Title VII claim against individual employees). Anaya therefore has not, and cannot, state a claim under Title VII against Defendants Collins or Gilhousen.

As for Anaya's due process claim, there are no allegations in the Amended Complaint that Defendant Collins or Defendant Gilhousen denied her due process; instead Anaya alleges that her due process rights were violated in connection with the School Board's decision to terminate her employment. In addition, as set forth more fully below, any due process claim based on Anaya's June 14, 2012, termination is time-barred.

Finally, as argued by Defendants, because Anaya has asserted her state law claims against both Collins/Gilhousen and HISD, the election of remedies provision in the Texas Tort Claims Act, *see* TEX. CIV. PRAC. & REM. CODE § 101.106(e) ("e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."), forecloses any recovery for Anaya on the state law claims she has asserted against Defendants Collins and Gilhousen. *See Alcala v. Texas Webb County*, 620 F.Supp.2d 795, 805 (S.D. Tex. 2009) (concluding, in reliance on *Mission Consol. Indep.*

*Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008), that the election of remedies provision in § 101.106(e) of the Texas Civil Practice and Remedies Code warranted the dismissal of all tort claims asserted against an individual when those same claims were asserted against the employing governmental entity).

Accordingly, Anaya has not stated any claim against Defendants Collins and Gilhousen for which relief may be granted.

### B. Title VII Claims against HISD

Inasmuch as Defendants have not moved for dismissal of Anaya's Title VII claims against HISD for retaliation and disparate treatment, those claims are not addressed herein. As for the remainder of Anaya's claims against HISD – for disparate impact under Title VII, for due process violations, and for intentional infliction of emotional distress, breach of contract and promissory estoppel – dismissal is warranted on those claims under Rules 12(b)(1) and 12(b)(6).

Anaya couches her Title VII claim, in part, on "disparate impact," but she has not alleged a viable disparate impact claim within the meaning of Rule 12(b)(6) and *Twombly*. "To establish a prima facie case of discrimination under a disparate-impact theory, a plaintiff must show: (1) an identifiable, facially neutral personnel policy or practice; (2) a disparate effect on members of a protected class; and (3) a causal connection between the two." *McClain v. Lufkin Ind., Inc.*, 519 F.3d 264, 275 (5th Cir. ), *cert. denied*, 555 U.S. 881 (2008). Nowhere in Plaintiff's Amended Complaint are there any allegations that support these three elements of a *prima facie* case of disparate impact discrimination under Title VII. While Anaya does allege that HISD has a dispute/grievance procedure "which allows employees to challenge adverse employment actions through an impartial, fair and unbiased process that can be appealed to [the] District's Board of Trustees," and further

alleges that "HISD's process negatively impacted on at least three minority employees/females," Amended Complaint (Document No. 16 at 8), Anaya has not alleged how the grievance process itself, or any identifiable part thereof, had a disparate impact on her in particular, or Hispanic females in general, and has also not alleged a connection between the complained of policy and a statistically significant and tangible disadvantage for Hispanic females employed by HISD. Anaya's allegations do not state a plausible disparate impact claim within the meaning of Rule 12(b)(6) and *Twombly*.

With respect to Anaya's § 1981 claim, which is based on allegations that she was treated differently based on her race, such a claim cannot be maintained against Defendant HISD because HISD is considered a "state actor," and can only be liable under 42 U.S.C. § 1983. 42 U.S.C. § 1981(c) ("The rights protected by this section are protected against impairment by nongovernmental discrimination . . . "); *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731 (1989) ("Congress intended that the explicit remedial provisions of § 1983 be controlling in the context of damages actions brought against state actors alleging violation of the rights declared in § 1981"); *Christian v. City of Dallas*, 64 F.Supp.2d 617, 624 (N.D. Tex. 1999) ("Based on the Supreme Court's holding § 1981 enumerates only federal rights for individuals and does not create an express cause of action against those who allegedly violate these rights, and absent clear evidence from Congress that § 1981 is a remedy available for a violation by a state actor of an individual's § 1981 rights, the Court agrees with Defendants that Christian's § 1981 claims should be dismissed.").

But even construing Anaya's race discrimination claim against Defendant HISD under § 1983, dismissal of such a claim is warranted based on the expiration of the applicable statute of limitations. For § 1983 claims brought in a Texas forum, the statute of limitations is two years. *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005) ("The limitations period for a claim

9

brought under section 1983 is determined by the general statute of limitations governing personal injuries in the forum state," which, in Texas, is "'two years after the day the cause of action accrues.'"). Here, everything Anaya complains of, including her termination, occurred on or before June 14, 2012 – two years and one month before she filed this lawsuit on July 21, 2014. Because Anaya has not responded – at all – to Defendants' Motion to Dismiss, it can only be concluded on this record that she has not, and cannot, state a § 1981 or § 1983 claim against Defendant HISD.

As for the state law claims against HISD, each fails under Rule 12(b)(1) and 12(b)(6) based on applicable governmental immunity provisions. Her intentional infliction of emotional distress claim – a claim that is an intentional tort and must be based on intentional conduct – cannot be maintained against Defendant HISD because the Texas Tort Claims Act has not waived governmental immunity for intentional torts. TEX. CIV. PRAC. & REM. § 101.057(2); *Goodman v. Harris County*, 571 F.3d 388, 394 (5th Cir. 2009) (The TTCA does not apply to claims arising out of an intentional tort."), *cert. denied*, 558 U.S. 1148 (2010). With respect to her breach of contract claim, which is based on her allegations that HISD did not comply with its own policies for the fair and equitable treatment of employees and the investigation of grievances and discrimination complaints, such a claim cannot be pursued against Defendant HISD because HISD's governmental immunity also has not been waived for such a claim. Under § 271.152 of the Texas Local Government Code,

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

But, such a waiver of immunity only applies to:

> (A) a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity; or
>
> (B) a written contract, including a right of first refusal, regarding the sale or delivery of not less than 1,000 acre-feet of reclaimed water by a local governmental entity intended for industrial use.

TEX. LOC. GOV'T CODE § 271.151(2) (definition of "Contract"). Here, Anaya's allegations in support of her breach of contract claim simply do not fit within the type of "contract" for which there is a waiver of governmental immunity under § 271.152 of the Texas Local Government Code. *See, e.g., Mohamad v. Dallas County Cmty. Coll. Dist.*, No. 3:10-CV-1189-L (BF), 2010 WL 4877274 *3 (governmental immunity not waived for breach of contract claim premised on "an employee handbook and oral representations"). Anaya's promissory estoppel claim against Defendant HISD, which is based on the same alleged policies, fails for the same governmental immunity reasons. *Crook v. Galaviz*, 616 F.App'x 747, 752 (5th Cir. 2015) ("the district court correctly held that governmental immunity bars promissory estoppel claims against school districts").

In all, because Anaya has not alleged a viable disparate impact claim against Defendant HISD under Title VII, cannot maintain a § 1981 claim against HISD as a matter of law, cannot maintain a § 1983 claim against HISD based on the applicable statute of limitations, and cannot recover on any of her state law claims against HISD based on HISD's governmental immunity under § 101.157(2) of the Texas Civil Practice and Remedies Code, and § 271.152 of the Texas Local Government Code, all those claims by Anaya against Defendant HISD must be dismissed pursuant to Rules 12(b)(1) and 12(b)(6).

IV. **Conclusion and Recommendation**

Based on the foregoing, and the conclusion that Plaintiff has, with the exception of her Title VII disparate treatment and retaliation claim against Defendant HISD, failed to state a claim for which relief may be granted, the Magistrate Judge

RECOMMENDS that Defendants' Second Partial Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Document No. 17) be GRANTED, that all claims asserted by Plaintiff Magdalena Anaya against Defendants Collins and Gilhousen be DISMISSED, and that Plaintiff Anaya's claims against Defendant HISD for disparate impact discrimination under Title VII, due process violations, intentional infliction of emotional distress, breach of contract and promissory estoppel also be DISMISSED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 23rd day of February, 2016.

*[signature]*
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE